**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-40352
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAMES TERRELL DURHAM,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(1:97-CR-74-1)

March 1, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

James Terrell Durham appeals his jury conviction for possession with intent to distribute crack cocaine and conspiracy to distribute and possess with intent to distribute crack cocaine. He argues that the district court violated his rights under the Confrontation Clause by admitting hearsay statements of a confidential informant and abused its discretion by denying his motion to compel the Government to disclose the confidential

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

informant's identity and by admitting evidence of Durham's prior felony drug conviction.

The district court did not violate the Confrontation Clause by admitting testimony regarding the confidential informant's statements.  The evidence that was offered to show only why law enforcement officials took certain actions was not hearsay.  <u>See</u> <u>United States v. Evans</u>, 950 F.2d 187, 191 (5th Cir. 1991).  Although the informant's description of Durham was hearsay, the district court did not abuse its discretion by admitting that evidence because Durham opened the door to the question on cross-examination and, if admitted erroneously, the evidence did not have a substantial impact on the verdict.  <u>See</u> <u>id.</u>; <u>United States v. Walker</u>, 613 F.2d 1349, 1353 (5th Cir. 1980).

The district court did not abuse its discretion by denying Durham's request for the disclosure of the informant's identity.  The informant's testimony would not have helped Durham's defense significantly, and Durham does not dispute the Government's interest in nondisclosure.  <u>See</u> <u>United States v. Sanchez</u>, 988 F.2d 1384, 1391 (5th Cir. 1993).

The district court did not abuse its discretion by admitting evidence of Durham's prior state felony conviction for delivery of cocaine.  The district court determined that the evidence was material to an issue other than Durham's character and that its probative value outweighed its potential prejudice.  <u>See</u> <u>United States v. Beechum</u>, 582 F.2d 898 (5th Cir. 1978) (en banc).

AFFIRMED.

2